## STATE OF WEST VIRGINIA

### SUPREME COURT OF APPEALS

**FILED**
October 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TAMMIE L. BARTOK,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0799** (BOR Appeal No. 2047979)
              (Claim No. 2011041428)

**OHIO VALLEY MEDICAL CENTER, INC.,**
**Employer Below, Respondent**

### MEMORANDUM DECISION

Petitioner Tammie L. Bartok, by Jonathan C. Bowman, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Ohio Valley Medical Center, Inc., by Toni J. Minner, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated July 2, 2013, in which the Board affirmed a December 3, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 13, 2011, decision which denied a request to add exacerbation of radiculopathy/cervical spine stenosis as a compensable component of the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Bartok, a registered nurse, was injured in the course of her employment on June 17, 2011, while lifting, moving, and turning a heavy patient. Her claim was held compensable for right shoulder sprain. She reported to Ohio Valley Medical Center emergency room physicians that she was experiencing pain in her neck and right shoulder. An MRI of the right shoulder revealed no evidence of tearing. Ms. Bartok has a history of severe cervical spine conditions. In 2009, she reported a history of chronic neck and shoulder pain. A cervical spine MRI taken in July of 2011 revealed slight spinal canal stenosis at C3-4; osteophytes and stenosis at C4-5;

1

advanced degenerative disc space narrowing, severe spinal canal stenosis, and mild neural foraminal encroachment at C5-6; and advanced degenerative disc space narrowing with severe spinal canal stenosis at C6-7. In an October of 2011, treatment note, Ms. Bartok was diagnosed with C5 radiculopathy, which was confirmed by an EMG. She requested that exacerbation of radiculopathy/cervical spine stenosis be added as compensable components of her claim. The claims administrator denied the request on September 13, 2011.

The Office of Judges affirmed the claims administrator's decision in a December 3, 2012, Order. The Office of Judges found that the evidence establishes that Ms. Bartok has a history of chronic neck pain that pre-dated the compensable injury by several years. In 2009, she was treated for bilateral carpal tunnel syndrome and reported chronic neck and shoulder pain. A cervical MRI taken in July of 2011 revealed degenerative changes and osteophyte complex with severe spinal canal stenosis and mild foraminal encroachment. The Office of Judges found that Thomas Kramer, M.D., noted in an October 17, 2011, independent medical evaluation that Ms. Bartok had a substantial and significant problem with her cervical spine which pre-dated the work-related injury. He opined that there was no evidence to indicate any cervical condition was made symptomatic by the work-related injury. The Office of Judges stated that Bill Hennessey, M.D., also performed an independent medical evaluation and found that Ms. Bartok had reached maximum medical improvement for her compensable right shoulder strain. He determined that she had no residual physical impairment for the injury. Using the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, (4th ed. 1993), he determined that her right shoulder range of motion was normal. Dr. Hennessey noted that Ms. Bartok had non-work-related severe cervical stenosis and radiculopathies, which cause a dull ache in her shoulder. He opined that the conditions are unrelated to her compensable injury. They were determined to be the result of the development of osteoarthritic changes due to the aging process leading to advanced stenosis of the spinal canal. He felt that work was not a significant aggravating factor in the anatomic neck changes. Lastly, the Office of Judges noted that Ms. Bartok cited her deposition testimony; however, the testimony was not submitted into evidence in the present case and therefore could not be considered.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its July 2, 2013, decision. On appeal, Ms. Bartok argues that her pre-existing neck conditions do not preclude her from sustaining a new work-related injury. Ohio Valley Medical Center, Inc., asserts that the requested additional diagnosis is the result of pre-existing, non-compensable conditions.

Upon review, this Court agrees with the reasoning of the Office of Judges and the conclusions of the Board of Review. The evidentiary record indicates that Ms. Bartok did not sustain an exacerbation of radiculopathy/cervical spine stenosis as a result of her June 17, 2011, compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:   October 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II